## ALLEN, (OSGOOD v.)

[See Osgood v. Allen, Case No. 10,603.]

---

## ALLEN, (PAYNE v.)

[See Payne v. Allen, Case No. 10,855.]

---

## ALLEN, (PEDRO v.)

[See Pedro v. Allen, Case No. 10,901.]

---

## Case No. 234.

### ALLEN et al. v. PHILADELPHIA SAV. FUND SOC.

[36 Leg. Int. 204; 7 Reporter, 775; 4 Cin. Law Bul. 350; 14 Phila. 408; 25 Int. Rev. Rec. 170; 7 Wkly. Notes Cas. 231; 26 Pittsb. Leg. J. 171; 11 Chi. Leg. News, 344.]

Circuit Court, E. D. Pennsylvania. May 16, 1879.

COLLATERAL INHERITANCE TAX—BANK DEPOSITS— LIABILITY OF BANK—EXECUTORS.

[1. Deposits in a Pennsylvania savings bank made by a citizen of New Jersey, since deceased, are not subject to the collateral inheritance tax of Pennsylvania, and the executors can recover them, although they must come to Pennsylvania to reduce their right to possession.]

[2. The state cannot sustain a claim for the tax against the bank, but must look to the estate in the hands of the legal representatives after they have reduced it to possession.]

[See Kintzing v. Hutchinson, Case No. 7,834.]

[At law. Suit by executors of M. A. English to recover a deposit in a savings bank. Judgment for plaintiff.]

Rule for judgment for want of a sufficient affidavit of defense. The plaintiffs, citizens of New Jersey, and executors of Mary Ann English, deceased, who, at the time of her death, was a citizen of New Jersey and domiciled in said state, filed a copy of the book of deposit of their decedent with the Philadelphia Saving Fund Society, the defendants, showing a balance due decedent of $800. The defendant filed the following affidavit of defense:

"William Purves, secretary and treasurer of the Philadelphia Saving Fund Society, being duly affirmed according to law, saith as follows: 1. That defendants admit that the copy of the deposit book of Mary Ann English with the said society, is correct. 2. That the defendants submit to the court that there is a defense to the demand of the plaintiffs as follows: The said Mary Ann English, as defendants are informed and believe, died without leaving father, mother, husband, children or lineal descendants, by reason whereof, under the statutes of the commonwealth of Pennsylvania, in such case made and provided, all the personal property of her, the said testatrix, within said commonwealth, including the balance due of the said amount so deposited with defendants, became subject, after payment of debts, to a tax of five per cent. on the net amount thereof to the said commonwealth, which tax has never been paid. 3. The defendants further submit to the court that letters testamentary granted to foreign executors, if they authorize them to sue in the courts of the United States, a debtor of their testatrix can give no higher power or authority for collecting the assets of the estate in this commonwealth than is given by the law thereof to domestic executors. (Signed,) William Purves."

Counsel for the rule cited Kintzing v. Hutchinson, [Case No. 7,834.] and argued that it did not lie with defendants to set up the nonpayment of the collateral inheritance tax, and that at all events, under the ruling of Kintzing v. Hutchinson, the tax was not due upon the choses in action in question.

E. P. Allinson and Dallas Sanders, for plaintiffs.

Henry Wharton, for defendants.

BUTLER, District Judge. The plaintiffs, citizens of New Jersey, and executors of the will of M. A. English, who was also a resident of New Jersey at the time of her death, sue the defendants, the Philadelphia Saving Fund Society, to recover a debt of $838.90, with interest. The affidavit of defense admits the existence of the debt; but avers that M. A. English died "without leaving father, mother, husband, children or other lineal descendants;" that the money due is, therefore, subject to collateral inheritance tax, under the statutes of Pennsylvania, and sets this averment up as an answer to the suit. No other defense is presented, and no other can therefore be considered. That this is insufficient, cannot, we think, be seriously doubted. In Kintzing v. Hutchinson, [Case No. 7,834,] Oct. 19, 1877, Judge Strong, sitting in the circuit court for the district of New Jersey, held that the statutes referred to have no application to choses in action here, belonging to one domiciled in another state at the time of his death, though his legal representatives may have to come here to reduce them to possession. Even if this were in conflict with the construction put on these statutes by the courts of this state it would bind us. The learned judge, however, on careful review of the cases, concludes that it is not.

If the law were otherwise, the result would be the same; the averment still would not constitute a defense. If the plaintiffs based their right to sue on letters issued here, the contrary would not, we presume, be suggested. But if they may sue here on the letters issued elsewhere, (and the defendant has not questioned this,) their right to recover is precisely the same as if the letters had been

issued here. If the state can sustain a claim for the tax, as suggested, it cannot sustain it against the defendant, but must look to the balance of estate in the hands of the legal representatives of the deceased, after they have reduced it to possession and paid the debts. When necessary it may raise an administration for this purpose. Judgment must therefore be entered for the plaintiffs notwithstanding the affidavit of defense. We desire it distinctly understood that the defense set up by the affidavit and urged in the argument, does not, as we understand it, involve the question whether the plaintiffs can sue for the debt on the letters issued in New Jersey. That question was not presented in any form.